Along with contending that his sentence to the harshest permissible prison term was excessive given that it was his first felony offense, defendant claims in his brief that his guilty plea was not entered into knowingly and intelligently because he could not communicate effectively with his attorney due to language difficulties and there was no interpreter provided for him at the plea allocution. Although the plea minutes indicate that defendant did respond in English when questioned by County Court, the court did not question defendant as to his proficiency in English or understanding of the proceedings and there is no explanation on the record as to why defendant was provided with an interpreter only at sentencing. Thus, despite defendant's failure to move to withdraw the plea or seek to vacate the judgment of conviction (*see, People v Espinal*, 176 AD2d 417, 418), we conclude that the record reveals arguable nonfrivolous issues as to the voluntariness of the plea and the appropriateness of the sentence. Since we find it appropriate for "independent counsel [to] take a fresh look at [the] proceeding" (*People v Rhodes*, 245 AD2d 844, 845), defense counsel is relieved and new counsel will be assigned to address any and all appealable issues contained in the record.

Yesawich Jr., J. P., Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ODIRI N. BAGOT, Appellant. [692 NYS2d 480] —Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 8, 1997, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Pursuant to a negotiated plea bargain, defendant pleaded guilty to a reduced charge of criminal possession of a controlled substance in the fifth degree in satisfaction of a three-count indictment and was sentenced as a second felony offender to a term of 2½ to 5 years in prison. Defendant now argues that this sentence was harsh and excessive principally due to his troubled upbringing. Notably, where a sentence is within permissible statutory ranges, it shall not be disturbed unless the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification (*see, People v Dolphy*, 257 AD2d 681, *lv denied* 93 NY2d 872). Here, we find no

abuse of discretion by County Court. Furthermore, upon review of the record and presentence report, we find no reason to disturb the sentence imposed in the interest of justice (*see, id.*).

Cardona, P. J., Mikoll, Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.